Ognian Gavrilov, Designated Counsel for Service, SBN 258583
Eliezer Cohen, SBN 302248
GAVRILOV & BROOKS
2315 Capitol Avenue
Sacramento, CA 95816
Telephone:    (916) 504-0529
Facsimile:    (916) 473-5870
Email:        info@gavrilovlaw.com

Attorneys for Plaintiff,
GORADIA MEDICAL CORPORATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORADIA MEDICAL CORPORATION,<br><br>            Plaintiff,<br>   v.<br><br>NERVANA, LLC, and DOES 1 through 25, inclusive,<br><br>            Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**1. FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114 *et seq*.);**<br><br>**2. FEDERAL TRADEMARK INFRINGMENT (15 U.S.C. § 1125 *et seq*.)**<br><br>**3. UNFAIR COMPETITION (California Bus. & Prof. Code § 17200 *et seq*.);**<br><br>**4. UNFAIR COMPETITION (California Common Law).**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff GORADIA MEDICAL CORPORATION hereby alleges as follows:

## PARTIES

1.   Plaintiff GORADIA MEDICAL CORPORATION (hereinafter "Goradia" or "Plaintiff") is, and at all times mentioned herein was, a California corporation, with its principal place of business in Sacramento, Sacramento County, California.  Plaintiff is an owner of the

trademark. Plaintiff provides medical services in California and across other states within the United States.

2. Upon information and belief, Defendant NERVANA LLC (hereinafter "Nervana" or "Defendant") is, and all times mentioned herein was, a Florida Limited Liability Company, with a principal place of business located at 2268 Acorn Palm Road, Boca Raton, Florida 33432.

3. Plaintiff is ignorant of the names and capacities of DOES 1 through 25 and sues them as DOES 1 through 25, inclusive. Plaintiff will amend this action to allege these DOE Defendants' names and capacities when ascertained. Each of the defendants herein are responsible in some manner for the acts alleged herein and the harm, losses and damages suffered by Plaintiff as alleged hereinafter. Plaintiff is also informed and believes, and based thereon alleges, that while participating in such acts, each Defendant was the agent, principal, and/or alter ego of the other Defendants, and was acting in the course and scope of such agency and/or acted with the permission, consent, authorization or ratification of the other Defendants.

4. As described further below, Plaintiff is informed and believes, and based thereon alleges, that Defendants conduct business and distribute their product in California and within this Court's jurisdiction in Northern California.

**JURISDICTION AND VENUE**

5. This action arises, in part, under the Lanham Act, as amended; California Business and Professions Code Section 17200 et seq.; and California common law. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 (trademark claims under the Lanham Act), 28 U.S.C. §1331 (federal question), and 28 U.S.C. §1338 (unfair competition related to trademark claims). Additionally, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over those claims arising under California statutory law and California common law.

6. Plaintiff is informed and believes, and based thereon alleges, that venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) because a substantial part of the events giving rise to the claims occurred in this District. Additionally, Plaintiff is informed and

believes, and based thereon alleges, that the Court has personal jurisdiction over Defendants because have distributed, and sought to distribute, infringing products in this District.

## FACTUAL ALLEGATIONS

### I.    THE NERVANA® BRAND

7.    At all material times, Goradia was and is engaged in advertising and rendering medical services to consumers and patients living both inside California and outside California under the brand and mark "NERVANA." Goradia first adopted and used the brand and mark "NERVANA" to identify its goods and services at least as early as April 2007.

8.    Mr. Tushar Goradia registered the "NERVANA" brand and mark with the U.S. Patent and Trademark Office, and thereafter has assigned rights, interests, and goodwill in the brand and mark to Plaintiff. The "NERVANA" brand and mark is and continues to be in full force and effect. Attached as **Exhibit A** are printouts from the USPTO federal registration for "NERVANA."

9.    Plaintiff has used the mark continuously, since at least as early as April 2007, to identify its medical services and related goods and products for patients and consumers to use and receive. In connection with this, Plaintiff further uses its mark in the advertising and promotion, throughout California and outside of California within the United States, of its medical services.

10.    Defendants filed a Florida LLC application for NERVANA LLC on March 17, 2014. The registered agent was RICHARD G. CARTLEDGE.

11.    Defendants filed two federal USPTO trademark applications for the mark "NERVANA." The first for medical devices, Serial Number 86272051, on May 05, 2014 and the second for Massage apparatus; Electronic therapy machines and apparatus; Electromedical rehabilitative and pain management products for clinical and home use, namely, electrical nerve and muscle stimulators; electrotherapy devices for providing transcutaneous and/or percutaneous electrical nerve stimulation; apparatus for electrical muscle stimulation for therapeutic purposes; apparatus for therapeutic stimulation of the body; apparatus for nerve stimulation; apparatus for the stimulation of acupuncture points; electro-medical stimulation current apparatus for stimulation of muscles and nerves; electro-stimulation apparatus for use in therapeutic treatment

of muscles and nerves; transcutaneous and/or percutaneous electrical nerve stimulation electrodes; transcutaneous and/or percutaneous electrical nerve stimulation instruments; massage appliances; vibration generating apparatus for massage; apparatus for the electrical stimulation of groups of muscles for therapeutic and/or medical purposes, Serial Number 86492131 on December 30, 2014. Attached as **Exhibit B** are USPTO current status reports of both of these applications.

12. Defendants had constructive knowledge of Goradia's rights in NERVANA and its federally registered trademark under 15 U.S.C. Section 1072 which states "Registration of a mark on the principal register provided by this Act or under the Act of March 3, 1981, or the Act of February 20, 1905, shall be constructive notice of the registrant's claim of ownership thereof." when they filed the application for the Nervana LLC and the two NERVANA trademark applications.

13. Defendants gained actual knowledge of Goradia's rights in NERVANA when the USPTO refused the first application Serial Number 86272051 on August 26, 2014 because of a likelihood of confusion with the Goradia NERVANA mark. Defendant's second application Serial Number 86492131 was refused on March 24, 2015.

14. Goradia also sent a cease-and-desist letter to Defendants on January 23, 2015 informing Defendants of its intellectual property rights and demanding that Defendants stop infringing upon the NERVANA® Mark.

15. Goradia has invested nearly a decade of continuous use creating goodwill in the NERVANA mark.

16. The NERVANA mark is an inherently distinctive mark and Goradia's common law rights in the mark began immediately after use.

17. Goradia's constructive rights in the NERVANA federal intent-to-use application began with the filing of the application on October 24, 2005 and full registration rights under Section 7(b) continued with the registration on November 20, 2007. Trademark Act Section 7(b), 15 U.S.C. § 1057(b), affords Goradia with prima facie evidence of the validity of the registered mark, ownership of the mark, and of the exclusive right to use the registered mark in commerce

on or in connection with the goods or services specified in the certificate, subject to any conditions or limitations stated in the certificate. As seen in Exhibit A, there are no limitations stated in the certificate.

18. Goradia's NERVANA registration became incontestable under Section 15 on November 20, 2012 after five years of use.

19. Notwithstanding Goradia's rights in the NERVANA® Mark, and with notice of Goradia's rights, Defendants have in the past and continue to intentionally and willfully advertise, distribute products which cause a likelihood of confusion with the NERVANA® Mark. Goradia has never authorized or consented to any such use by Defendants of the NERVANA® Mark.

## II. DEFENDANTS' INFRINGING USE

20. Goradia renders medical services under the NERVANA® Mark and is intending to expand use of the NERVANA brand to medical devices for use during and affiliated with medical services rendered.

21. Once Goradia became aware of the infringing use of the NERVANA mark, Goradia sent Defendants a cease-and-desist letter demanding that the use stop and demanding that the cancellation proceeding that Defendants had brought against Goradia (TTAB Proceeding 92060593) filed on December 28, 2014 be withdrawn.

22. Instead of complying with Goradia's cease-and-desist letter and stopping its infringing use, Nervana LLC continued its use of NERVANA mark and has begun releasing its product to wider and wider audiences.

23. Goradia is further informed and believes that the product sold by Defendants are sold to the general public, an identical class of consumers as Goradia's medical services. Defendants are a competitor of Goradia, as there exists an overlap in the nature of services rendered by Goradia and Defendant.

24. Goradia is further informed and believes, and based thereon alleges, the natural, probable and foreseeable result of the intentional, willful and wrongful conduct of Defendants has been to deprive Goradia of business and goodwill, and to injure Goradia's relationships with existing and prospective customers.

25. Further, Goradia is informed and believes, and based thereon alleges, that Defendants use the inherently unique and distinctive NERVANA® Mark in commerce so as to cause a likelihood of confusion between Defendants' infringing product and Goradia's services, or to cause mistake, or to deceive the relevant public that Defendants' product is authorized, sponsored or approved by, or is affiliated with Goradia and the NERVANA® brand. Goradia is further informed and believes, and based thereon alleges, that by intentionally misappropriating the distinctive NERVANA® trademark, Defendants are currently causing customer confusion in the marketplace.

26. Goradia is further informed and believes, and based thereon alleges, that it has lost or will lose revenues from the sale of the NERVANA® product, and has sustained and will sustain damages as a result of Defendants' wrongful conduct in selling, marketing and distributing the offending Defendants' infringing product and Defendant's wrongful conduct in attempting to cancel the Goradia registration.

27. Goradia is further informed and believes, and based thereon alleges, that Defendants have been unjustly enriched by their sale and marketing of the infringing products.

### FIRST CLAIM FOR RELIEF
### TRADEMARK INFRINGMENT
### (15 U.S.C. § 1114)

28. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 27 above as though fully set forth herein and with the same force and effect.

29. The imitation, copying, and unauthorized use of the NERVANA® Mark causes irreparable injury to Goradia, including injury to its business reputation and the goodwill associated with the NERVANA® Marks.

30. By reason of the foregoing, Defendants have infringed Goradia's trademarks and has violated, and is continuing to violate, 15 U.S.C. Section 1114.

31. Goradia has no adequate remedy at law for these injuries. Moreover, unless Defendants are restrained by this Court from continuing this imitation, copying and unauthorized use of the unique and distinctive NERVANA® Marks, these injuries will continue to occur.

Goradia is entitled to an injunction restraining Nervana LLC, its officers, agents, distributors and employees, and all persons acting in concert with them, from engaging in such further acts in violation of 15 U.S.C. Section 1116.

32. By reason of Defendants' willful acts of trademark infringement, Goradia is entitled to damages and that those damages should be trebled pursuant to 15 U.S.C. Section 1117.

33. This is an exceptional case making Goradia eligible for an award of attorney fees under 15 U.S.C. Section 1117.

34. Goradia is further entitled to recover from Defendants the damages it has sustained and will sustain, and any gains, profits and advantages unfairly obtained by Defendants as a result of Defendants' acts of infringement alleged above.

**SECOND CLAIM FOR RELIEF**
**TRADEMARK INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN**
**(15 U.S.C. § 1125(a))**

35. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 34 above as though fully set forth herein and with the same force and effect.

36. Use of the infringing trademark by Defendants has confused and is likely to continue to cause confusion or to cause mistake, or to deceive the consuming public into believing that Defendants' product is authorized, sponsored or approved by or is affiliated with Goradia and the NERVANA® brand.

37. These acts constitute trademark infringement of the NERVANA® Marks and false designation of origin in violation of 15 U.S.C. Section 1125(a), entitling Goradia to relief.

38. By reason of these acts by Defendants, Goradia is and will continue to be irreparably harmed if Defendants are not enjoined. Goradia's remedy at law is not adequate to compensate it for the injuries inflicted, and Goradia is therefore entitled to entry of injunctive relief pursuant to 15 U.S.C. Section 1116.

39. The above-described acts of Defendants have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public, which has an interest in being free from confusion, mistake and deception.

40. Defendants have unfairly profited from the actions alleged and Goradia is therefore entitled to recover from Defendants the damages sustained as a result of acts by Defendants in violation of 15 U.S.C. Section 1125(a).

41. Further, because of the willful nature of these acts by Defendants, Goradia is entitled to damages, and that those damages should be trebled pursuant to 15 U.S.C. Section 1117.

42. This is an exceptional case making Goradia eligible for an award of attorney fees pursuant to 15 U.S.C. Section 1117.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW
**(Cal. Bus. & Prof. Code Sections 17200, 17500 et seq.)**

43. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 42 above as though fully set forth herein and with the same force and effect.

44. Defendants' willful, knowing and unauthorized promotion, advertisement, sale and offering for sale of infringing goods, causing confusion as to the source of the goods and causing harm to Goradia's goodwill, consist of untrue and misleading statements and constitute an unlawful appropriation of Goradia's exclusive rights in its NERVANA® Marks as outlined herein.

45. Defendants have unlawfully appropriated Goradia's exclusive rights in its NERVANA® Marks, infringing on Goradia's rights by selling and offering for sale infringing goods, Defendants are in violation of Goradia's proprietary rights. Their conduct thereby constitutes unlawful, unfair, deceptive and/or fraudulent trade practices and unfair competition in violation of California Business & Professions Code Sections 17200, 17500 et seq. The predicate acts comprising Defendants' unlawful, unfair, deceptive and/or fraudulent trade practices or acts include, but are not limited to, the violations of law more fully set forth herein, specifically violations of 15 U.S.C. Sections 1114 and 1125 has caused Goradia to lose money by means of the unlawful conduct.

46. As a direct and proximate result of Defendants' wrongful conduct, Goradia has suffered injury in fact, which losses include damage to Goradia's goodwill with its existing,

former and potential customers and actual confusion between Defendants' infringing products and Goradia's NERVANA® brand.

47. These wrongful acts have proximately caused and will continue to cause Goradia substantial injury, including loss of customers, loss of goodwill, and confusion of existing and potential customers of Goradia's medical services. The harm these wrongful acts will cause to Goradia is both imminent and irreparable, and the amount of damage sustained by Goradia will be impossible to ascertain if these acts continue. As such, Goradia has no adequate remedy at law.

48. Pursuant to California Business & Professions Code Section 17203, Defendants are required to disgorge and restore to Goradia all profits and property acquired by means of Defendants' unfair competition with Goradia.

49. Pursuant to California Business & Professions Code Section 17203, Goradia is also entitled to a preliminary and permanent injunction restraining Defendants, their respective officers, agents, employees, distributors and all persons acting in concert with them, from engaging in further such unlawful conduct.

### FOURTH CLAIM FOR RELIEF
### VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW
**(Common Law)**

50. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 49 above as though fully set forth herein and with the same force and effect.

51. As set forth above, Defendants are a competitor of Goradia, and Defendants' conduct constitutes unfair competition under California common law.

52. By reason of Defendants' conduct, Goradia has sustained and will continue to sustain substantial injury, loss and damage, as set forth above.

53. Further irreparable harm and injury to Goradia is imminent as a result of Defendants' conduct, and Goradia is without an adequate remedy at law.

54. Goradia is therefore entitled to an injunction restraining Defendants, their agents, employees, representatives, distributors and all persons acting in concert with them, from engaging in further acts of unfair competition.

55. Goradia is further entitled to recover from Defendants the damages sustained by Goradia as a result of Defendants' acts of unfair competition. Goradia is at present unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendants' acts of unfair competition, but Goradia is informed and believes, and based thereon alleges, that it has sustained damages.

56. Finally, Goradia is informed and believes, and based thereon alleges, that Defendants' conduct has been intentional and willful and in conscious disregard of Goradia's rights and, therefore, Goradia is entitled to exemplary or punitive damages under California Civil Code Section 3294 in an amount appropriate to punish Defendants and to make an example of Defendants to the community at large.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. That the Court enter judgment against each Defendant that:

   a) Defendants infringed the rights of Plaintiff in its federally registered NERVANA® Marks in violation of 15 U.S.C. Section 1114;

   b) Defendants engaged in unfair competition and deceptive acts and practices in violation of California Business & Professions Code Sections 17200, 17500, et seq.; and

   c) Defendants engaged in unfair competition and deceptive acts and practices in violation of California common law.

2. That the Court enter judgment against each Defendant that the above acts, 1(a)-(e), were willful and intentional, making this an exceptional case.

3. That the Court issue a preliminary and permanent injunction enjoining and restraining Defendants and their agents, servants, employees, successors, assigns and all other persons acting in concert or in conspiracy with or affiliated with Defendants from:

   a) Engaging in any infringing activity including advertising, promoting, marketing, franchising, distributing, selling, and offering for sale, any goods

or services in connection with the infringing marks identified herein or any mark similar to Plaintiff's NERVANA® Marks; and

    b) Requiring Defendants to deliver up to Plaintiff for destruction any and all packaging, advertising and promotional materials in Defendants' possession, custody or control, which contain the infringing marks.

4. That Plaintiff be awarded damages for Defendants' trademark infringement, and for unfair competition under the Lanham Act, as well as for unfair competition under California common law.

5. That Plaintiff be awarded all profits resulting from Defendants' infringement and by means of Defendants' unfair competition with Plaintiff.

6. That Defendants be ordered to account for and disgorge to Plaintiff all amounts by which Defendants have been unjustly enriched by reason of the unlawful acts complained of.

7. That Plaintiff be awarded damages resulting from Defendants' infringement in accordance with the provisions of 15 U.S.C. Section 1117.

8. That damages resulting from Defendants' infringement and unfair competition under the Lanham Act be trebled due to Defendants' willfulness, in accordance with the provisions of 15 U.S.C. Section 1117.

9. That Plaintiff be awarded exemplary or punitive damages in an amount appropriate to punish Defendants and to make an example of the Defendants to the community.

10. That Plaintiff be awarded an amount sufficient to reimburse Plaintiff for the costs of corrective advertising.

11. For pre-judgment interest on all infringement and other appropriate damages.

12. That the Court finds this case to be exceptional and award Plaintiff reasonable attorney fees pursuant to 15 U.S.C. Section 1117, California law, and any other applicable provision of law.

13. That the Court award Plaintiff its costs of suit incurred herein.

14. For such other or further relief as the Court may deem just and proper.

Dated: September 27, 2017                          **GAVRILOV & BROOKS**

                                           By:     /s/ *Ognian Gavrilov*

                                           Ognian Gavrilov
                                           Eliezer Cohen
                                           Attorney for Plaintiff
                                           GORADIA MEDICAL CORPORATION